UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
MARLENE DELGADO,                        :
                                        :
              Plaintiff,                :
                                        :06 Civ. 5261 (BSJ)
         v.                             :
                                        :      **Order**
OUR LADY OF MERCY MEDICAL CENTER        :
and JUAN YARA, M.D.,                    :
                                        :
              Defendants.               :
----------------------------------------x
**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**


      On March 29, 2005, Plaintiff Marlene Delgado ("Delgado")
commenced a negligence action against Our Lady of Mercy Medical
Center ("Our Lady of Mercy") and Juan Yara, M.D. ("Yara") in
Supreme Court, Bronx County.  The Defendants timely submitted
their answers.  Subsequently, on July 12, 2006, the government
removed the action to this Court pursuant to 42 U.S.C. § 233, on
the grounds that the claims asserted against Yara, as an
employee of the Soundview Health Center/Comprehensive Community
Development Center ("Soundview"), fell within the scope of the
Federal Tort Claims Act ("FTCA").

      According to the United States Attorney, Soundview and its
employees, including Yara, were deemed to be employees of the
United States for purposes of tort actions seeking damages for
injuries allegedly resulting from the provision of medical
related services effective February 1, 1997.  Furthermore, the

1

Office of the United States Attorney has certified that, as
required by 42 U.S.C. § 233(c) and pursuant to 28 C.F.R. § 15.4,[1]
Yara was acting within the scope of his employment with
Soundview, and, as such, as an employee of the United States of
America, at the relevant times alleged in the Complaint.

According to the United States Attorney, under Section
224(a) of the Public Health Service Act, 42 U.S.C. § 233(a), an
action against the United States pursuant to the FTCA is the
exclusive remedy for Delgado's claims.  Therefore, the United
States Attorney has moved this Court to substitute the United
States as defendant for Yara.  Should the Court determine that
substitution of the United States is appropriate, the United
States Attorney further moves to dismiss the Complaint against
the United States for lack of subject matter jurisdiction
because Delgado failed to exhaust her administrative remedies
before commencing the present action.

Delgado opposes the motion of the United States Attorney,
arguing that the alleged acts of malpractice occurred at Our
Lady of Mercy, which is not a federally funded entity.
Therefore, she argues, the protection of the FTCA should not
apply to Yara for the medical services he provided there.

---

[1]      While 42 U.S.C. § 233(c) references certification by the Attorney
General, 28 C.F.R. § 15.4 (a) provides that, for purposes of removing and
defending suits, "the United States Attorney for the district where the civil
action or proceeding is brought is authorized to make the statutory
certification that the Federal employee was acting within the scope of his
office or employment with the Federal Government at the time of the incident
out of which the suit arose."

Delgado further notes that upon learning that Yara was a federally-funded employee, she filed a timely administrative claim with the Department of Health and Human Services on July 20, 2006.  This filing, she asserts, should permit her to receive relief nunc pro tunc from any jurisdictional defense asserted by the United States.  Also before the Court is Delgado's motion to remand the action to New York Supreme Court, Bronx County, on the basis that Yara previously interposed an answer in that matter and did not raise any objection based on subject matter jurisdiction at that time.

For the reasons outlined below, the motion of the United States Attorney is GRANTED and Delgado's motion is DENIED.

**FACTS**

Delgado alleges that on or about September 9, 2004, because of Yara's negligence in removing a cyst from her left ovary, she sustained permanent injuries to her urethra.  Pl.'s Verified Compl. ¶ 14.  Yara performed the procedure at Our Lady of Mercy. Id. ¶ 10.  According to Yara, he previously had seen Delgado as a patient in his private practice, and, beginning in May 2004 through the time of the procedure to remove her ovary, was seeing Delgado at Soundview.  Yara Decl. ¶ 2.  Yara states that with respect to the procedure in question, he had admitted Delgado to Our Lady of Mercy "because [Soundview] did not have the resources for the type of surgery that she required."  Id. ¶

3. Yara is an attending physician with admitting privileges at Our Lady of Mercy.  Id. ¶ 4.

Delgado does not dispute that she was being seen and treated by Yara at Soundview.  Instead, Delgado questions whether the FTCA covers Yara's practice "outside the confines of the clinic," or, specifically, whether the FTCA extends to the surgical procedure that was performed at Our Lady of Mercy. Chetrick Aff. ¶ 12.

**DISCUSSION**

**I.   Motion to Substitute the United States as Defendant**

The FTCA provides the exclusive remedy for claims arising against individuals deemed to be employees of the United States Public Health Service and acting within the scope of their employment at the time of the incident giving rise to the claim. See Public Health Service Act of 1944, 58 Stat. 682, 42 U.S.C. § 201 et seq.  Section 233(a) of the Act sets forth that the remedy against the United States provided by the FTCA

> for damage for personal injury . . . resulting from the performance of medical . . . or related functions . . . by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee . . . whose act or omission gave rise to the claim.

42 U.S.C. § 233(a).  This provision of the Public Health Service Act "protects . . . employees of the Public Health Service from

being subject to suit while performing medical and similar functions by requiring that such lawsuits be brought against the United States instead." Cuoco v. Moritsugu, 222 F.3d 99, 107 (2d Cir. 2000).

Because the remedy provided by the FTCA against the United States is exclusive, the United States must be substituted in place of the health service parties if the conditions of certification set forth in the relevant statutes are met. See 42 U.S.C. § 233(c) ("Upon a certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose . . . the proceeding [shall be] deemed a tort action brought against the United States."); 28 U.S.C. § 2679 (providing that, for federal tort claims, "upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose . . . the United States shall be substituted as the party defendant").

In the present case, the United States has provided the necessary certification.  The United States Attorney certified that Yara was acting within the scope of his employment with Soundview, and, as such, was an employee of the United States of America at the relevant times alleged in the Complaint.

Fogelman Decl. (Ex. B, Certification of Michael J. Garcia,
United States Attorney).  The coverage was confirmed in a letter
to Soundview from the Assistant Surgeon General dated June 21,
1996, deeming Soundview an employee of the Federal Government
effective February 1, 1997 for purposes of the FTCA.  Id. (Ex.
C-1).  The June 21, 1996 letter notes that such coverage extends
to Soundview's employees.

However, Delgado questions whether certification that Yara
was acting within the "scope of his employment" is appropriate
in light of the fact that Yara performed the surgery on Delgado
at Our Lady of Mercy.  Specifically, Delgado states that "there
is no proof submitted demonstrating that Dr. Yara was acting in
his federally funded capacity at Our Lady of Mercy."  Chetrick
Aff. ¶ 12.  Delgado questions whether the FTCA covers situations
where a doctor practices "outside the confines" of the entity
that is federally-funded.  In response, the United States
asserts that Yara treated Delgado at Soundview, but, because
Soundview lacked the resources for the surgery she underwent,
Yara admitted Delgado to Our Lady of Mercy where he had
admitting privileges so that she could be treated there.
According to the United States Attorney, "[a]ll the treatment
that Dr. Yara provided to plaintiff at Our Lady of Mercy Medical
Center was provided in [Yara's] capacity as an employee of
[Soundview]."  Mem. of Law in Opp. to Pl.'s Mot. to Remand at 3.

Furthermore, the United States Attorney notes that Yara has never been an employee of Our Lady of Mercy and has never received any compensation from Our Lady of Mercy.  Id.  Yara's association with Our Lady of Mercy allowed him to treat his Soundview patients when such treatment could not be provided at Soundview.  See id.

A district court reviews a 28 U.S.C. § 2679(d) certification by the Attorney General if a plaintiff "alleges with particularity facts relevant to the scope-of-employment issue."[2] McHugh v. Univ. of Vermont, 966 F.2d 67, 72-74 (2d Cir. 1992), overruled on other grounds by Osborn v. Haley, 127 S. Ct. 881, 897 (2007).  In conducting such review, a district court applies state law principles pertaining to when tortious conduct falls within the scope of a party's employment. See McHugh, 966 F.2d at 75.  Under New York law, an employee's tortious acts fall within the scope of his or her employment if "done while the servant was doing his master's work, no matter how irregularly, or with what disregard of instructions." Riviello v. Waldron, 391 N.E.2d 1278, 1281 (N.Y. 1979) (internal quotations omitted).

---

[2]     The Supreme Court has held that, while determinative with respect to removal, certification by the Attorney General is "the first, but not the final word" when determining whether the United States should be substituted as defendant.  Osborn, 127 S. Ct. at 897.

In determining whether an employee's actions fell within the scope of employment, five factors are particularly relevant:

> the connection between the time, place and occasion for the act; the history of the relationship between employer and employee as spelled out in actual practice; whether the act is one commonly done by such an employee; the extent of departure from normal methods of performance; and whether the specific act was one that the employer could reasonably have anticipated.

Id. Considering these factors, the Court finds that Yara was acting in the course of his employment with Soundview when he performed the surgery on Delgado. Yara submits that he treated Delgado in his capacity as a Soundview employee and that he admitted her to Our Lady of Mercy because Soundview lacked the resources for the procedure she underwent. According to Declarations submitted by Yara and Crystal Jordan, the Chief Operating Officer of Soundview, it is common practice that Soundview doctors will admit patients to hospitals where they have admitting privileges when a patient requires treatment that exceeds Soundview's resources. Performing a surgery such as Delgado's at a hospital and not at Soundview was not a departure from Soundview's practices. In fact, Soundview "fully supported and expected" that Yara, as a Soundview OB/GYN would need to admit and treat Soundview patients at a hospital. Yara was not compensated for the treatment he provided Delgado apart from the regular compensation he receives as an employee of Soundview.

Accordingly, because Soundview and its employees were employees of the Public Health System for acts and omissions that occurred at the time of Delgado's surgery, and because Yara was acting within the scope of his deemed federal employment at the time of the surgery, the United States is hereby substituted in the place of Yara as defendant in this suit.

## II.  Lack of Subject Matter Jurisdiction

By way of the FTCA, the United States has provided a limited waiver of its sovereign immunity for specified tort cases, with exclusive jurisdiction over these cases in the federal courts.  See Rivera v. Morris Heights Health Ctr., 2005 U.S. Dist. LEXIS 40244, at * 6-7 (S.D.N.Y. Feb. 14, 2007) (citing Kelly v. United States, 568 F.2d 259, 263 (2d Cir. 1978)).  However, the waiver of immunity is conditioned upon a claimant exhausting all administrative remedies before filing a complaint in federal district court.  28 U.S.C. § 2675(a).  The requirement that a claimant exhaust all administrative remedies before filing a complaint is "jurisdictional and cannot be waived."  Celestine v. Mount Vernon Neighborhood Health Ctr., 403 F.3d 76, 82 (2d Cir. 2005).  This requirement extends to all suits, including those begun in state court.  Id.

In the present case, Delgado concedes that she did not file an administrative claim with the Department of Health and Human Services prior to commencing her suit.  Instead, Delgado argues

9

that her filing of a claim dated July 20, 2006, after she was notified of Yara's status as a federally-funded employee, should cure any jurisdictional deficiencies and allow her case to proceed.  However, the Supreme Court has addressed this precise question, and has held that dismissal is appropriate where a plaintiff fails to exhaust administrative remedies prior to filing suit, even where such remedies are exhausted after the suit was filed and before substantial progress is made in the litigation.  McNeil v. United States, 508 U.S. 106 (U.S. 1993). The Court found that although the burden imposed on the judicial system and Department of Justice may be slight in an individual case filed prior to the exhaustion of remedies, "orderly administration of this body of litigation is best served by adherence to the straightforward statutory command."  Id. at 112.

Accordingly, the Court lacks subject matter jurisdiction over the claims asserted against the United States, as substituted for Yara, and therefore the action must be dismissed.

### III. Motion to Remand

Plaintiff has moved this Court to remand the matter to New York Supreme Court, Bronx County.  Delgado asserts that the state court has jurisdiction over Yara because he previously interposed an answer in the state court action in which he

stated his association with Our Lady of Mercy and in which he
did not object to the state court's subject matter jurisdiction.
Delgado also argues that section 1446(b) required the United
States to move for removal of the action within thirty days of
receipt of the initial pleading.

With respect to the claims against Yara, Delgado's
arguments seeking remand must fail.  The language of the
relevant provisions in 42 U.S.C. § 233(c) and 28 U.S.C. §
2679(d)(2) is clear: removal of the state action may be made "at
any time before trial."  Section 1446(b) of Title 28 is not
applicable here and does not, as Delgado asserts, control the
timing and conditions of removal.  Thus, with removal permitted
at "any time before trial," the interposing of an answer in
state court did not make removal inappropriate in the present
case, nor was the removal otherwise untimely. Furthermore, the
Supreme Court has recently confirmed that once the United States
Attorney has made the necessary certifications regarding scope
of employment in a tort action such as the present case, such a
certification is "dispositive" for purposes of selecting the
appropriate forum for adjudication.  Osborn, 127 S. Ct. at 894.
Because "Congress gave district courts no authority to return
cases to state courts" where certification by the Attorney
General has been made, id., Delgado's motion to remand must be
denied.

However, it is appropriate for this Court to remand the case against Our Lady of Mercy, the remaining defendant in this matter, to state court.[3]  Because the Court has found that dismissal is appropriate with respect to the federal claim against the United States as the substituted defendant for Yara, there remains no independent basis for federal jurisdiction with respect to any claims against Our Lady of Mercy.  See Infante v. Bronx Leb. Hosp. Ctr., No. 07 Civ. 846, 2007 U.S. Dist. LEXIS 33144, at *5-6 (S.D.N.Y.  May 7, 2007) (remanding claims against remaining defendants after substitution of the United States under the FTCA); Koehler v. Cortland Mem'l Hosp., 65 F. Supp. 2d 103, 106-07 (N.D.N.Y. 1999)(same).  Accordingly, Delgado's case against Our Lady of Mercy is dismissed without prejudice and remanded to New York Supreme Court, Bronx County.

**SO ORDERED:**

For the reasons set forth above, the United States' motion to substitute itself as a Defendant for Juan Yara, M.D., and to dismiss the complaint as against the United States is GRANTED. Plaintiff's motion to remand with respect to the claims against Yara is DENIED.  The case is remanded to New York State Supreme Court, Bronx County, with respect to any remaining state claims

---

[3]    The United States does not dispute this point, and has noted the same in its papers.  See Mem. of Law in Supp. of Mot. to Substitute the United States as Def. at 9 n.3.

against Our Lady of Mercy.   The Clerk of the Court is directed

to close the case.

BARBARA S. JONES
UNITED STATES DISTRICT JUDGE

Dated:      New York, New York
            October 7, 2007

13